IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>JOHN WEST, JR.,<br><br>    Defendant. | 8:19CR307<br><br>MEMORANDUM<br>AND ORDER |

  This matter is before the Court on defendant John West, Jr.'s ("West") pro se Motion for Compassionate Release (Filing No. 64) under 18 U.S.C. § 3582(c)(1)(A). The motion seeks compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018 ("First Step Act"), Pub. L. 115-391, 132 Stat. 5194 (2018). For the reasons stated below, West's motion is denied.

  On January 22, 2020, West pleaded guilty to one count of conspiracy to distribute and possession with intent to distribute 50 grams or more of methamphetamine (actual), in violation of 21 U.S.C. § 841(a)(1) and 846, and one count of possession with intent to distribute 50 grams or more of methamphetamine (actual), in violation of 21 U.S.C. § 841(a)(1) and (b)(1). There was no written plea agreement in this case. On June 18, 2020, the Court sentenced West to 120 months on each count, to be served concurrently, followed by two concurrent 5-year terms of supervised release. West's criminal history category was III.

  West now seeks compassionate release based on his medical conditions: high blood pressure, obesity, anxiety disorder, and hyperlipidemia. West claims that he would not be a danger to the community and points to his current placement in a federal prison camp.

  As amended by the First Step Act, § 3582 (c)(1)(A)(i) permits West to move for a sentence reduction after he "has fully exhausted all administrative rights to appeal a failure

of the Bureau of Prisons [("BOP")] to bring a motion on his behalf or the lapse of 30 days from the receipt of such a request by the warden of his facility, whichever is earlier." The evidence submitted by West shows that a request for compassionate release was made to the warden at his facility. There is no indication the warden responded, but more than 30 days have passed since the submission of that request. Having exhausted those administrative requirements, the Court turns to whether West has demonstrated extraordinary and compelling reasons to justify a sentence reduction.

In deciding whether to grant a reduction, this Court must consider the relevant factors set forth in 18 U.S.C. § 3553(a), including the nature and circumstances of the offenses of conviction; the defendant's history and characteristics; and the need for the sentence to reflect the seriousness of the crime, to promote respect for the law, and to provide just punishment for the offense. A defendant's sentence should also deter criminal conduct, protect the public from future crime by the defendant, and promote rehabilitation. *Id.*

The Court also considers whether the defendant presents "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)," U.S.S.G. § 1B1.13(2), and must ensure any relief is "consistent with applicable policy statements issued by the [United States] Sentencing Commission," 18 U.S.C. § 3582(c)(1)(A). The first application note to policy statement § 1B1.13[1] lists four general categories of qualifying circumstances: (1) the defendant's terminal illness or other serious medical condition; (2) the defendant's advanced age and deteriorating health; (3) dire family circumstances; and (4) other "extraordinary and compelling" reasons as determined by the BOP Director. U.S.S.G. § 1B1.13 cmt. n.1. A defendant's rehabilitation may be relevant but "is not, by itself, an extraordinary and compelling reason for purposes of [§ 1B1.13]." *Id*. § 1B1.13 cmt. n.3.

---

[1]This policy statement predates the First Step Act and does not govern the Court's review of West's request. The Court nonetheless finds it helpful in deciding whether to reduce his sentence. *See United States v. Marcussen*, 15 F.4th 855, 859 (8th Cir. 2021).

The Court has carefully reviewed the record in this case with all the foregoing factors in mind. Based upon that review, the Court finds that West has not presented extraordinary or compelling reasons to warrant a sentence reduction.

In support of his motion, West points primarily to his high blood pressure and also explains he has a high body mass index, anxiety disorder, and hyperlipidemia. West does not state his request is based upon fears of infection with COVID-19. Nor does West explain why his health conditions cannot be managed through BOP care. Indeed, West concedes he is being treated for his high blood pressure at his BOP facility and at the nearby hospital. The Court also notes West's physical and mental history were taken into consideration at the time of his sentencing.

West further argues he would not be a danger to the community if the Court were to grant him a sentence reduction because he is currently placed at a federal prison camp and has earned the "maximum FSA credits since 2020." West also claims he has served more than fifty percent of his sentence, taking into account the credit he has or will receive from the BOP. But based on the information listed on the BOP website, West's projected release date is March 25, 2028, and has only served twenty-six months of his sentence. Early release in this case may undermine the goals of sentencing, including the need to reflect the seriousness of the offense, promote respect for the law, and afford adequate deterrence.

In light of the relevant factors set out in 18 U.S.C. § 3553(a) and the surrounding circumstances, the Court finds that West's Motion for Compassionate Release (Filing No. 64) should be denied.

IT IS SO ORDERED.

Dated this 15th day of August 2022.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge